IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| **MARTIN CAUSOR-CERRATO,** | | |
| Petitioner, | | **No. 13-CV-4011-DEO** |
| vs. | | **ORDER** |
| **UNITED STATES OF AMERICA,** | | |
| Respondent. | | |

_____

This matter is before this Court on the Government's Motion to Dismiss Petitioner's, Martin Causor-Cerrato's [hereinafter Mr. Causor], 28 U.S.C. § 2255 Petition. Docket No. 3. The parties appeared for several hearings on this matter, most recently on May 27, 2014. After listening to the parties' arguments, the Court took the matter under advisement and now enters the following.

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2010, the grand jury returned an indictment against Mr. Causor on one charge related to the distribution of methamphetamine. On September 16, 2010, Mr. Causor appeared before this Court to plead guilty to Count 1. 10-CR-4041-DEO-1, Docket No. 17. On December 30, 2010, this Court

sentenced Mr. Causor to 120 months incarceration on Count 1.
10-CR-4041-DEO-1, Docket No. 27.

Mr. Causor did not appeal his conviction.  He filed the
present 28 U.S.C. § 2255 petition on January 23, 2013.  Docket
No. 1.  On May 2, 2013, this Court entered an Initial Review
Order appointing Mr. Causor counsel and allowing the case to
proceed.  Docket No. 2.  One week later, the Government filed
a Motion to Dismiss, Docket No. 3, arguing Mr. Causor's claim
is time barred.  Id.

On January 10, 2014, this Court held a hearing on the
Government's Motion to Dismiss.  The hearing was recessed
before the parties had an opportunity to address all the
pending matters.

On January 21, 2014, this Court put out an Order stating:

> Following the hearing and a review of the
> entire record, the Court is persuaded that
> the parties shall proceed to briefing the
> merits of the pending habeas petition.

Docket No. 24, p. 1.[1]

On February 10, 2014, the Petitioner filed his merit's
brief.  Docket No. 29.  In that document, the Petitioner

---

[1]  The Court did not rule on the Government's Motion to
Dismiss.

argued issues contained in his original 28 U.S.C. § 2255
Motion as well as issues related to safety-valve relief and
the Vienna Convention.

On February 13, 2014, the Government filed a responsive
brief. Docket No. 31. In that brief, the Government stated
in part:

> Movant filed his Amended Petition without
> authority arguing new claims on February
> 10, 2014, approximately two years past the
> one-year time limitation. Therefore, the
> safety-valve claim and the Vienna
> Notification claim are procedurally barred.
> In the event the Court deems the new claims
> raised in the amended petition timely, the
> government would ask the Court allow it to
> brief the merits.

Docket No. 31, p. 5. The Court did not rule on the
Government's procedural issues but instructed the Government
to also address the merits of those arguments.

The Court held a final hearing on the pending issues on
May 27, 2014. During that hearing, Mr. Causor stated this his
sister may have evidence relevant to the case. The Court
instructed appointed counsel to investigate that issue and
then, if necessary, supplement the record. Docket No. 47. On
April 8, 2015, appointed counsel filed a status report stating

that the investigation was inconclusive, and requesting the Court rule on the Government's original Motion to Dismiss. Docket No. 53.

## II. STANDARDS

### A. Motion to Dismiss Standard

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. See <u>United States v. Oldham</u>, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. See <u>Payne v. United States</u>, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255] if (1) the ... allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." <u>Engelen v. United States</u>, 68 F.3d 238, 240–41 (8th Cir. 1995) (citations omitted); see also <u>Delgado v. United States</u>, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations,

even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); United States v. Hester, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Standing Bear v. United States, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam). See also Hessman v. United States, C08-3052-LRR, 2012 WL 10486 (N.D. Iowa Jan. 3, 2012), appeal dismissed (June 21, 2012).

**B.  § 2255 Standard**

Section 2255 of Title 28 of the United States Code provides four general grounds for relief:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such

> sentence, or [3] that the sentence was in
> excess of the maximum authorized by law, or
> [4] is otherwise subject to collateral
> attack, may move the court which imposed
> the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255; <u>Watson v. United States</u>, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); <u>Bear Stops v. United States</u>, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" <u>United States v. Wilson</u>, 997 F.2d 429, 431 (8th Cir. 1993) (quoting <u>Davis v. United States</u>, 417 U.S. 333, 343, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)); accord <u>Auman v. United States</u>, 67 F.3d 157, 161 (8th Cir. 1995) (quoting <u>Wilson</u>).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" Theus v. United States, 611 F.3d 441, 449 (8th Cir. 2010) (quoting United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001)); Bear Stops, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. Wiley, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam ). "Where a defendant has

procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the [Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)] test, discussed below. Theus, 611 F.3d at 449. Indeed, Strickland claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. Massaro v. United States, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in Bousley that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default.'" United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting Bousley, 523 U.S. at 622, with emphasis added, in turn quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). The "actual innocence" that may

overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) (quoting Bousley, 523 U.S. at 623); see also House v. Bell, 547 U.S. 518, 536–37 (2006).  "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'"  Id. (quoting McNeal v. United States, 249 F.3d 747, 749–50 (8th Cir. 2001)).

## C.  Statute of Limitations

§ 2255 has a strict statute of limitations.

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences.  See Johnson v. United States, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005).  The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549,

> 2562, 177 L. Ed. 2d 130 (2010) (quoting
> Pace v. DiGuglielmo, 544 U.S. 408, 418, 125
> S. Ct. 1807, 161 L. Ed. 2d 669 (2005))
> (applicable to section 2254 petitions); see
> also United States v. Martin, 408 F.3d
> 1089, 1093 (8th Cir. 2005) (applying same
> rule to section 2255 motions).

Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013).

## III.  ISSUES

In their Motion to Dismiss, the Government argues that Mr. Causor's petition is time barred.

In his pro se Petition, Mr. Causor argued that he could not understand the change of plea hearing because of language issues and that he received ineffective assistance of counsel because counsel did not file an appeal and failed to inform of the collateral consequences of his plea.

In his Amended Petition/Brief, Mr. Causor argues that he should have received a safety valve departure during his sentencing and that he received ineffective assistance of counsel because his counsel did not protect his rights under the Vienna Convention

## IV.  ANALYSIS

### A.  Statute of Limitations

As set out in Government's brief:

> [j]udgment [against Mr. Causor] was entered
> and filed on January 5, 2011. (CrD 27).
> Movant did not appeal. Movant's 14-day
> deadline to file an appeal expired on
> January 19, 2011, therefore the time
> limitation for purposes of § 2255 began
> January 20, 2011. Movant did not file a §
> 2255 motion on or before the expiration of
> the one-year deadline, January 20, 2012.
> In fact, Movant filed his current motion
> (CvD 1) on January 23, 2013, approximately
> one year after the § 2255 filing deadline.

Docket No. 3, p. 2. Mr. Causor does not dispute the
Government's assessment of the time line. Thus, there is no
dispute that Mr. Causor's filed his Section 2255 petition
outside the applicable statute of limitations. But, Mr.
Causor argues that the statute of limitations should be
equitably tolled.

As stated above, the one-year statute of limitation may
be equitably tolled if Mr. Causor shows that he has been
pursuing his rights and that extraordinary circumstance
prevented timely filing of his petition. Mr. Causor argues he
complied with those two requirements:

> Causor complied with the due diligence
> requirement "through following Supreme
> Court Case Law throughout 2012 as it
> applies to Petitioner." [13-CV-4011-DEO,
> Doc. 1, p. 4.] More significant, perhaps,
> are the repeated telephone calls that

Causor-Cerrato made to his trial attorney
and the visit by his relative to the
attorney's office. Repeatedly
Causor-Cerrato sought to advance his claim
by getting help from his attorney.
Causor-Cerrato asserts that repeatedly the
attorney refused to accept his calls... The
other prong for benefitting from equitable
tolling is that there be extraordinary
circumstances beyond the petitioner's
control. As described above,
Causor-Cerrato alleges that his legal
papers were destroyed by persons unknown
but presumably members of the Plymouth
County jail staff. What is certain is that
Causor- Cerrato first discovered the loss
(deliberate or otherwise) when he reached
FCI Butner in North Carolina... This loss
was compounded by his trial attorney's
refusal to take his calls, by
Causor-Cerrato's lack of ability with the
English language, and by his complete
ignorance of the federal legal system.

Docket No. 13, Att. 1, p. 6-8.

The Government responds by saying:

[m]ovant admits that each individual reason
he raises is insufficient to constitute
"extraordinary circumstances" to toll the
statute of limitations requirement. (CvD
13, p 8)... Movant has not met his burden
to prove "extraordinary circumstances"
occurred in his case. Each reason
defendant has raised is not sufficient to
meet "extraordinary circumstances." Thus,
combining all of the insufficient reasons
cannot then meet defendant's burden.
Especially, in light of defendant has no
constitutional right to counsel in a

> federal habeas proceeding. Defendant's
> attempt to use his trial counsel as an
> excuse for defendant not filing a federal
> habeas petition fails.

Docket No. 14, p. 2-3.

Unfortunately for Mr. Causor, the Government is correct. There is no evidence of such extraordinary circumstances that would satisfy the 8th Circuit requirements for equitable tolling. Assuming arguendo that Mr. Causor tried to talk to trial counsel Alexander Esteves and Mr. Esteves refused to take his calls, the 8th Circuit has stated that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000). As set out by one court in a similar case:

> [p]rinciples of equity do not mandate
> tolling in this case, because Petitioner
> does not demonstrate the kind of
> extraordinary circumstances that would
> require tolling the April 18, 2013
> deadline. Petitioner did not face any
> actual barriers that prevented him or
> delayed him from filing his Motion;
> Petitioner simply failed to file his pro se
> Motion on time. Petitioner alleges
> generally that his counsel ignored him,
> without any declarations by [hos] case
> manager, copies of the letters Petitioner
> indicates that he wrote to his counsel, or

the dates on which Petitioner attempted to
contact counsel.  See O'Neil v. United
States, 2014 WL 2505650, 3 (D.Md. 2014);
see also Hutchinson v. Florida, 677 F.3d
1097, 1099 (11th Cir. 2012) ("[T]he
allegations supporting equitable tolling
must be specific and not conclusory." ).
Nor does Petitioner claim that he relied on
any promises made by counsel that a motion
was being filed on his behalf, or allege
any other specific conduct indicating
counsel's actions prevented Petitioner from
filing his motion on time.  Compare Koons
v. United States, 995 F. Supp. 2d 905 (N.D.
Iowa 2014) (granting equitable tolling
because assurances on multiple occasions
that counsel would file petitioner's motion
on time prevented the petitioner from
timely filing her own motion until after
the deadline) with Muhammad v. United
States, 735 F.3d 812 (8th Cir. 2013)
(denying equitable tolling because despite
petitioner's allegations that counsel did
not respond to telephone calls or letters
regarding petitioner's motion to vacate,
counsel also never assured petitioner a
motion was being filed).

Evans v. United States, No. CIV.A. RDB-11-34, 2015 WL 3744272,

at *4 (D. Md. 2015) (internal citations omitted).  Put another

way, former counsel failing to contact an inmate is rarely

extraordinary.  To activate equitable tolling, there must be

some additional malfeasance on the part of counsel.  The most

common extraordinary circumstance seems to be counsel

deceiving the inmate regarding the progress of the inmate's

case.  <u>Koons</u>, 995 F. Supp. 2d at 912-14.  There is no
indication in this case that Mr. Esteves deceived Mr. Causor
regarding the progress of his case.

As set out in the Government's brief, Mr. Causor's other
complaints do not rise to equitable tolling.  Mr. Causor
alleges he lost some of his legal papers after he left the
Plymouth County jail.  But, by Mr. Causor's own admission, he
discovered his legal paper loss when he arrived at FCI Butner,
more than six months before the statute of limitations ran.
Although Mr. Causor cites case law that says if a prison
deliberately takes or destroys an inmates paper work it is an
extraordinary circumstance, there is no evidence that any
prison official deliberately took Mr. Causor's paperwork.
There is only an unsupported allegation.  The 8th Circuit has
found that segregation in special housing with minimal
resources and access to the outside world is not ground for
equitable tolling.  <u>Muhammad</u>, 735 F.3d at 815.  The 8th
Circuit has stated that a mistake about whether an attorney
was helping file for habeas relief is not grounds for
equitable tolling.  <u>Id.</u> at 815-16.  Mr. Causor complains about
his trouble with the English language and his lack of legal

knowledge, but also acknowledges neither of those are extraordinary. See <u>Mendoza v. Minnesota</u>, 100 F. App'x 587, 588 (8th Cir. 2004) and <u>Rues v. Denney</u>, 643 F.3d 618, 621-22 (8th Cir. 2011).

It goes with out saying the vast majority of prisoners are laymen when it comes to the filing of legal documents. However, such ignorance, although common and genuine, does not amount to the type of extraordinary circumstance that would activate equitable tolling under 8th Circuit precedent. All prisoners encounter some hindrances in obtaining their paper work and contacting counsel. For better or worse, that is the typical jail house experience. The question is whether such delay is extraordinary. In this case, Mr. Causor has failed to allege that his inability to contact Mr. Esteves or his other jail house experiences amount to an extraordinary circumstance. Accordingly, Mr. Causor has failed to alleged facts such that the 1 year statute of limitations should be equitably tolled and his claim is time barred.[2]

---

[2] Because the Court finds that Mr. Causor's original pro se petition is time barred, the Court need not reach the Government's argument that Mr. Causor's Amended Petition, Docket No. 29, was filed even further beyond the applicable
(continued...)

**B. Ineffective Assistance of Counsel**

Because Mr. Causor's claims are time barred, the Court need not reach them. However, because the Court requested that the parties brief those issues, the Court will briefly consider them.

Mr. Causor's over-arching argument is that Mr. Esteves provided ineffective assistance. To succeed on an ineffective assistance of counsel claim:

> a petitioner "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687, 104 S. Ct. 2052. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688, 104 S. Ct. 2052. We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S. Ct. 2052.

Weaver v. United States, No. 13-3320, 2015 WL 4285091, at *2 (8th Cir. 2015). "Failure to establish either prong of

---

[2] (...continued)
statute of limitations. However, the Court notes that even if Mr. Causor's original petition was not time barred, the fact that Mr. Causor filed an Amended Petition, without leave, with new claims even farther beyond the one year statute of limitations, would add two additional procedural barriers to Mr. Causor's claims.

Strickland 'is fatal to a claim of ineffective assistance.'"
Hyles v. United States, 754 F.3d 530, 533 (8th Cir. 2014)
(quoting Morelos v. United States, 709 F.3d 1246, 1250 (8th
Cir. 2013)).

Deficient performance is "performance that falls 'below
an objective standard of reasonableness,'" Lafler v. Cooper,
132 S. Ct. 1376, 1384 (2012) (quoting Hill v. Lockhart, 474
U.S. 52, 57 (1985)), that is, conduct that failed to conform
to the degree of skill, care, and diligence of a reasonably
competent attorney.  Strickland, 466 U.S. at 687; Donnell v.
United States, 765 F.3d 817, 821 (8th Cir. 2014).  "The
challenger's burden is to show 'that counsel made errors so
serious that counsel was not functioning as the "counsel"
guaranteed the defendant by the Sixth Amendment.'"  Harrington
v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466
U.S. at 687)).

"To establish Strickland prejudice a defendant must 'show
that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have
been different.'"  Lafler, 132 S. Ct. at 1384 (quoting
Strickland, 466 U.S. at 694).  The Court has explained that a

reasonable probability means a "a probability sufficient to undermine confidence in the outcome. That requires a substantial, not just conceivable, likelihood of a different result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (internal citations omitted). A showing of prejudice requires "counsel's errors to be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Richter, 562 U.S. at 104 (internal citations omitted). As the Eighth Circuit Court of Appeals has explained, however, "prejudice may be presumed when the defendant experiences a complete denial of counsel at a critical stage of his trial. [T]he trial is the paradigmatic critical stage." Sweeney v. United States, 766 F.3d 857, 859-60 (8th Cir. 2014) (internal citations omitted).

In his Amended Petition/Brief, Mr. Causor makes two arguments. First, that Mr. Esteves was ineffective for not fighting for Mr. Causor's rights under the Vienna Convention. However, as cited in the Government's brief, Docket No. 36, p. 9-10, Mr. Causor was advised of his consular rights. Mr.

Causor now seemingly concedes this point.[3]  The second issue discussed in Mr. Causor's Amended Petition/Brief relates to a safety valve sentence reduction.

"[S]afety valve... is a Sentencing Guidelines provision that allows a court to impose a guidelines sentence without regard to a statutory minimum.  The safety valve provision applies to first-time non-violent drug offenders who meet certain requirements. U.S.S.G. § 5C1.2." <u>Deltoro-Aguilera v. United States</u>, 625 F.3d 434, 437 (8th Cir. 2010).  Safety-valve requires that:  "(1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or a credible threat thereof or possess a dangerous weapon in the commission of the crime; (3) the offense did not result in anyone's death or serious injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has

---

[3]    As stated in Mr. Causor's reply, "based on the documentation provided by the United States in its brief, that the claim based on the Vienna Convention does not have adequate merit for the Court to grant relief on this basis." Docket No. 42, p. 2.

concerning the offense." <u>Deltoro-Aquilera</u>, 625 F.3d at 437, n. 2.  Safety valve is not discretionary.  If the Defendant qualifies, the Court must provide the sentence reduction.

Mr. Causor argues that:

> [i]n order to receive safety valve relief, a defendant must show by a preponderance of the evidence that all five criteria for relief have been met.  This includes that the defendant has told truthfully provided to law enforcement all information and evidence the defendant has about the offense. <u>United States v. Polk</u>, 715 F.3d 238, 253 (8th Cir. 2013) (collecting cases).  To meet this requirement necessitates investigation by the defendant's attorney and presentation to the Court of the findings.  It appears from the transcript of the sentencing hearing that Causor-Cerrato's trial counsel did not make an independent investigation but relied on the reactions of law enforcement agents.  Sentencing Transcript, 14-15, quoted in the "Government's Court-Ordered Response to Petitioner's Safety-Valve and Vienna Convention Claims," 8-9. Defendant's attorney did not make the effort; this constitutes failure of an essential duty. Given that the only person present at both the sentencing and the debriefing was the defendant's attorney, such an effort very likely would have succeeded.  As it was, Petitioner was denied safety-valve relief.  This constitutes prejudice...

Docket No. 42, p. 1-2.

"Defendants have the burden to show affirmatively that they have satisfied each requirement for the safety valve, including whether truthful information and evidence have been given to the government." United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (citing United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998)). The Government stated at the time of sentencing, and argues again in this present proceeding, that Mr. Causor did not satisfy the safety valve requirements because he did not provide truthful information during the debriefing.

However, the initial question for these purposes is not whether Mr. Causor provided truthful information, but whether Mr. Esteves provided deficient performance. As set out in Mr. Causor's brief, at the time of sentencing, the Court asked about Mr. Causor's safety-valve eligibility. The Government averred that Mr. Causor was not truthful at the debriefing, so he was not eligible for safety-valve relief. Rather than arguing the point, or remaining silent, Mr. Esteves confirmed that Mr. Causor did not receive safety-valve because he had been untruthful. In no way did Mr. Esteves advocate that his client had in fact completed all five safety valve

requirements or truthfully debriefed. As stated in Mr. Causor's brief, "an attempt at defending Causor's right to safety valve relief might well have succeeded." Docket No. 29, p. 8. The Court will assume that such a failure constitutes deficient performance.

As the Court stated above, under <u>Strickland</u>, determining ineffective assistance of counsel is a two step analysis. There must be deficient performance and prejudice. The Court assumes that Mr. Esteves performed deficiently by assisting the Government in explaining to the Court that Mr. Causor was not truthful during his debriefing. The question is whether Mr. Causor was prejudiced by that deficiency. The Court is persuaded that he was not.

There is no dispute in the record that the debriefing agents determined that Mr. Causor was lying. Thus, even if Mr. Esteves had argued that Mr. Causor was being truthful during the debriefing, the only substantial change would have been the Government making a more formal showing that the debriefing agents determined that Mr. Causor was lying, unless Mr. Esteves put on some evidence or argument that Mr. Causor had been truthful.

Perhaps if Mr. Esteves had put on such evidence, the Court would have found he qualified for safety-valve. Perhaps not. On the record before the Court, there simply is no way to know. Put another way, for Mr. Causor to make a claim that he was prejudiced by Mr. Esteves' conduct, he would have to allege some facts that might show he was telling the truth during his debriefing, that this Court then could have relied upon to find him safety-valve eligible.

Mr. Esteves may have been deficient for failing to put on a safety-valve argument during the sentencing hearing, but Mr. Causor has still failed to make any allegation that could be used to show he was telling the truth.

> [a] defendant is not entitled to safety-valve relief when he or she just conveys the "basic facts of his [or her] crime." United States v. Alarcon-Garcia, 327 F.3d 719, 723 (8th Cir. 2003). A defendant must prove "through affirmative conduct, that he [or she] gave the Government truthful information and evidence about the relevant crimes before sentencing." United States v. Romo, 81 F.3d 84, 85-86 (8th Cir. 1996). "In making its assessment of the truthfulness of a safety valve proffer, the district court is entitled to draw reasonable inferences from the evidence." United States v. Alvarado-Rivera, 412 F.3d 942, 948 (8th Cir. 2005) (en banc).

<u>United States v. Soto</u>, 448 F.3d 993, 996 (8th Cir. 2006).  In the record currently before the Court, there is no evidence that could be used to challenge the Government's statement that Mr. Causor lied during his debrief.  Mr. Esteves may have performed deficiently by not zealously arguing that Mr. Causor was safety-valve eligible, but Mr. Causor has failed to argue or show that he did make a truthful proffer.  Accordingly, Mr. Causor has failed to show prejudice under the <u>Strickland</u> standard.

### C.  Plea Hearing

In his pro se pleading, Mr. Causor raised several arguments that were not briefed by appointed counsel.  The Court will briefly discuss those issues.

Mr. Causor's first pro se argument is that there was plain error in his criminal case because he did not have an interpreter during various hearings.  This allegation is clearly incorrect.  At every stage of Mr. Causor's court case, he was provided an interpreter.  See 10-CR-4041-DEO-1, Docket Nos. 17, 26, 30, and 32.  Additionally, Mr. Esteves, Mr. Causor's attorney, speaks Spanish, and also had an interpreter for meetings with Mr. Causor.  10-CR-4041-DEO-1, Docket Nos.

30 and 32. Because Mr. Causor clearly had access to an interpreter during both the Court hearings and when meeting with counsel, his plain error claim fails.

**D. Notice of Appeal**

Mr. Causor stated that he wanted trial counsel to appeal his sentence, but trial counsel failed to do so. As set out by the Government:

> Movant claims trial counsel failed to file a notice of appeal after his sentencing. (CvD 1, p. 6). Movant offers no evidence in support of this claim. Movant merely makes the statement. According to trial counsel, Movant never asked for a notice of appeal to be filed. (AF ¶ 3). Additionally, it was the professional opinion of Movant's trial counsel that there were no legal issues upon which could have been appealed. (AF ¶ 3). Therefore, this claim is not supported by the record and fails on the merits.

Docket No. 31, p. 11.

The Government is correct. Mr. Causor has failed to show any deficient performance regarding the right of appeal. Mr. Causor says he requested an appeal, Mr. Esteves says that he did not. See Docket No. 36, Att. 1. Regardless, there is no indication that an appeal would have been successful. Thus,

even if Mr. Causor has show deficient performance, he has failed to show prejudice.

**E.  Deportation Risk**

Next, Mr. Causor argues that his counsel did not warn him that he may be deported if convicted.  Trial counsel denies that claim and alleges that Mr. Causor was informed that he would be deported.  See Docket No. 36, Att. 1.  Regardless, the record clearly shows that this Court warned Mr. Causor of the collateral consequence of deportation.  See Docket Nos. 30 and 32.  The 8th Circuit has previously stated that:

> a defendant cannot satisfy <u>Strickland</u>'s prejudice prong when "the PSR indicated a likelihood that [the defendant] would be deported if convicted; [the defendant] confirmed that he had read the PSR, discussed it with his counsel, and understood it; and [the defendant] never moved to withdraw his guilty plea."  See <u>Correa-Gutierrez v. United States</u>, 455 Fed. Appx. 722, 723 (8th Cir. 2012) (unpublished per curiam).

<u>Abraham v. United States</u>, 699 F.3d 1050, 1053 (8th Cir. 2012). In this case, the fact that Mr. Causor had previously been deported after a criminal charge, and the fact that the Court twice warned him that he may be deported, clearly cures any prejudice.

**F.  Other Issues**

Mr. Causor's original pro se pleading raises a few other issues, including that he was either incorrectly identified on the arrest warrant or that officers did not have a valid arrest warrant.  Appointed counsel chose not to brief those issues, finding they were without merit.  The Court has considered those issues and agrees that they are both procedurally barred and meritless.

**V.  CERTIFICATE OF APPEALABILITY**

Under the Code, in most situations, a party must receive a Certificate of Appealability before that party can appeal a district court's ruling on a habeas petition to the circuit court.[4]  28 U.S.C. §2253(c)(2) gives the District Court discretionary power to grant a Certificate of Appealability. Under that section, the Court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 482 (2000)(citing 28 U.S.C. § 2253(c)).

---

[4]  See, generally, 28 U.S.C. §2253.

28

In Slack, the Supreme Court defined "substantial showing" as follows:

> To obtain a [certificate of appealability] under §2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, at 894,], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, 463 U.S. 880, 893, and n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (sum[ming] up the "substantial showing" standard).

Slack, 529 U.S. at 483-84. See also Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000).

Even though the Court is satisfied with its ruling, the Court believes that it is possible that "reasonable jurists could debate whether... the petition should have been resolved in a different manner". Slack, 529 U.S. at 483-84. The existence of the circuit courts and the Supreme Court is a testament to the fact that district courts are not infallible. The Court's decision in this case was a judgment call, and this Court is of the opinion that all its judgment calls should be reviewable.

The case of <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997) states that in granting a Certificate of Appealability this Court must state the issues upon which the applicant may have made a substantial showing of the denial of his constitutional rights. Accordingly, Mr. Causor may appeal whether equitable tolling applies in his case, and whether Mr. Esteves provided ineffective assistance of counsel when he failed to challenge the safety-valve issue.

## VI. CONCLUSION

For the reasons set out above, the Government's Motion to Dismiss, Docket No. 3, is **GRANTED**. Mr. Causor's 28 U.S.C. § 2255 petition, Docket No. 1, is **DENIED**. However, the Clerk of Court shall issue a certificate of appealability as provided above.

**IT IS SO ORDERED** this 17th day of August, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa